J-A10026-18

2018 PA Super 222

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
IQUIL IRICK : No. 695 EDA 2017

Appeal from the Order Entered January 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0000210-2016

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and RANSOM*, J.

OPINION BY McLAUGHLIN, J.: **FILED AUGUST 03, 2018**

The Commonwealth appeals from the order of the Philadelphia County Court of Common Pleas granting a writ of *certiorari* and reversing the Philadelphia Municipal Court's denial of Iquil Irick's Motion to Suppress. Irick filed for *certiorari* before trial or sentencing in Municipal Court. Municipal Court's order was therefore not a final order and the Court of Common Pleas lacked jurisdiction. We vacate the Court of Common Pleas' order and remand for further proceedings in Municipal Court.[1]

Irick was charged in Municipal Court with several crimes, including possession with intent to deliver a controlled substance ("PWID") and knowing

_____

* Retired Senior Judge assigned to the Superior Court.

[1] Although the Court of Common Pleas lacked jurisdiction, our jurisdiction is secure. The Commonwealth certified in its Notice of Appeal that the Court of Common Pleas' order terminates or substantially handicaps the prosecution. *See* Pa.R.A.P. 311(d).

and intentional possession of a controlled substance. On May 11, 2016, he presented a Motion to Suppress in Municipal Court. N.T., Suppression Hearing, 05/11/16, at 7-8. After a brief hearing on September 12, 2016, Municipal Court denied the Motion. Before going to trial in Municipal Court, and consequently before Municipal Court imposed sentence, on October 5, 2016, Irick petitioned the Common Pleas Court for a writ of *certiorari*. He argued that Municipal Court had erroneously denied his Motion to Suppress. After a hearing on January 25, 2017, the Court of Common Pleas reversed Municipal Court's order and granted the Motion to Suppress.

The Commonwealth filed this timely appeal and argues that the Court of Common Pleas erroneously reversed. Commonwealth's Br. at 1. We do not reach the Commonwealth's argument because the Court of Common Pleas lacked jurisdiction. While neither party has questioned Common Pleas' jurisdiction, we may raise the issue *sua sponte*. **See Cleveland Asphalt Inc. v. Coalition for a Fair and Safe Workplace**, 886 A.2d 271, 276 (Pa.Super. 2005).

A petition for a writ of *certiorari* is one of two avenues by which a criminal defendant in Municipal Court may obtain appellate review in the Court of Common Pleas. The other alternative is to appeal for a trial *de novo*. **See** Pa.R.Crim.P. 1006. However, under either procedure, a defendant may only obtain review in Common Pleas Court after Municipal Court imposes sentence.

In criminal cases, Pennsylvania Rules of Criminal Procedure 1000 through 1010 govern appellate review of Municipal Court decisions in the

Court of Common Pleas. **See Commonwealth v. Menezes**, 871 A.2d 204, 207 (Pa.Super. 2005). Rule 1006(1)(a) requires a Municipal Court judge to inform a defendant after the imposition of sentence of the defendant's "right to file a petition for writ of *certiorari* within 30 days without costs or to appeal for trial *de novo* within 30 days without costs. . . ."

Rule 1006(1)(a) thus recognizes the defendant's right to petition for *certiorari* after sentencing. However, no rule, statute, or other provision of law permits a criminal defendant in Municipal Court to petition for *certiorari* before sentencing. The absence of any provision for seeking *certiorari* before sentencing leads us to conclude that a criminal defendant in Municipal Court may only petition for *certiorari* <u>after</u> sentencing.

The maxim of statutory construction, "*expressio unius, exclusio alterius*" – "the mention of one thing implies the exclusion of others not expressed"[2] – applies fully to the construction of the Pennsylvania Rules of Criminal Procedure. This is because Criminal Rule 101(C) requires us to construe the Rules of Criminal Procedure "[t]o the extent practicable . . . in consonance with the rules of statutory construction." Pa.R.Crim.P. 101(C). Because Rule 1006 recognizes the right to seek *certiorari* after the pronouncement of sentence, and no rule or other provision of law provides a similar right to *certiorari* at any earlier stage, we hold that a criminal defendant in Municipal Court may petition for a writ of *certiorari* only after the imposition of sentence.

---

[2] **Jerry, Inc. v. Nufab Corp.**, 677 A.2d 1256, 1258 (Pa.Super. 1996) (quoting **Scott Township Appeal**, 130 A.2d 695, 698 (Pa. 1957)).

Two additional factors support this conclusion. First, as a general rule, appellate review is only available after the entry of a final order, and the policy reasons for the general rule will be well-served by allowing defendants to obtain *certiorari* review in Common Pleas Court only after Municipal Court imposes sentence. **See Rae v. Pa. Funeral Dirs. Ass'n**, 977 A.2d 1121, 1124-25 (Pa. 2009). This general rule exists to facilitate the prompt resolution of cases by "ensuring that [trial judges'] every determination is not subject to the immediate review of an appellate tribunal. . . ." **Rae**, 977 A.2d at 1124 (quoting Riyaz A. Kanji, *The Proper Scope of Pendent Appellate Jurisdiction in the Collateral Order Context*, 100 Yale L.J. 511, 512-13 (1990) (discussing federal collateral order rule)). The general rule also serves to provide appellate courts with the "opportunity . . . to consider a trial judge's actions in light of the entire proceedings below, thereby enhancing the likelihood of sound appellate review." **Id.**

Restricting Municipal Court criminal defendants to seeking *certiorari* after sentencing furthers these policies. Conversely, allowing interlocutory review in Common Pleas through petitions for writs of *certiorari* would undoubtedly stall criminal cases in Municipal Court and frustrate effective appellate review.

Second, the Philadelphia Court of Common Pleas Criminal Rules, like the statewide rules, provide only for a procedure by which a defendant may seek *certiorari* "[u]pon conviction and sentence." Phila.Crim.R. 630(F). They do not set forth procedures for interlocutory *certiorari* review:

> Upon conviction and sentence in the Municipal Court trial, a defendant shall have the right to take an appeal to and secure a trial *de novo* in Common Pleas Court or file a Writ of *Certiorari* from the Court of Common Pleas to the Municipal Court for review of the record of his conviction. In no event may a defendant take an appeal for a trial *de novo* and a Writ of *Certiorari*.

Phila.Crim.R. 630(F).

As with the statewide rules, the local rules' provision of a single, post-sentencing procedure indicates that no other procedure is proper. Of course, Philadelphia Criminal Rule 630(F) is not dispositive of the question before us, as a local rule may not be inconsistent with any statewide rule. Pa.R.Crim.P. 105; Pa.R.J.A. 103(d)(2). Nevertheless, Rule 630(F) is congruent with the statewide rules, and its terms demonstrate the Philadelphia Court of Common Pleas' understanding of the correct procedure under the statewide rules. That understanding further persuades us of the correctness of our decision.

Here, Irick filed the petition for *certiorari* before sentencing in Municipal Court. The proper procedure was to file the petition after sentencing. ***See, e.g., Commonwealth v. Neal***, 151 A.3d 1068, 1079 (Pa.Super. 2016) (reviewing denial of writ of *certiorari* on the merits, where petition was filed after sentencing); ***Commonwealth v. Baldwin***, 147 A.3d 1200, 1202 (Pa.Super. 2016) (same). However, as we explain above, Municipal Court's order was not a final order and the Court of Common Pleas lacked jurisdiction. The Court of Common Pleas thus should have dismissed Irick's petition. ***See*** Pa.R.Crim.P. 1006(A). We therefore vacate the Court of Common Pleas'

January 25, 2017 order and remand the case to that court with instructions to remand to Municipal Court for further proceedings.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Ransom did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/18