J-S07006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY MCCLINTON | : | |
| | : | |
| Appellant | : | No. 1735 MDA 2018 |

Appeal from the Order Entered October 4, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001644-2010

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:             **FILED: MARCH 25, 2019**

Appellant, Rodney McClinton, appeals *pro se* from the order entered on October 4, 2018, dismissing his petition for *habeas corpus* relief for lack of jurisdiction.  We affirm.

The trial court briefly summarized the facts and procedural history of this case as follows:

> On October 15, 2010, [Appellant] pled guilty to simple assault, resisting arrest[,] and false identification to law enforcement.  In exchange, the other charges pending against him were *nolle prossed*.  On January 12, 2011, [the trial] court imposed an aggregate sentence of [nine] to 36 months [of imprisonment], followed by one year of probation.  On January 13, 2011, [Appellant] filed a [m]otion for [r]econsideration of [s]entence which [the trial] court denied on January 20, 2011.  [Appellant] did not file an appeal.
>
> On September 26, 2018, [Appellant] filed a [p]etition for [h]abeas [c]orpus [r]elief, challenging the calculation of his maximum

_____

*   Retired Senior Judge assigned to the Superior Court.

release date by the Department of Corrections.[1]  On October 4, 2018, [the trial] court denied the petition.  On October 19, 2018, [Appellant] filed a [n]otice of appeal to the Superior Court, and [the trial] court ordered [Appellant] to file a concise statement of [errors] complained of on appeal [pursuant to Pa.R.A.P. 1925(b)]. [Appellant] filed his concise statement on October 29, 2018.  [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 4, 2018.]

Trial Court Opinion, 12/4/2018, at *1.

On appeal, Appellant presents the following issues, *pro se*, for our review:

A. Whether the trial court abused its discretion in dismissing Appellant's [p]etition for [*h*]abeas [*c*]orpus relief seeking clarification as to the effective date of the sentence imposed?

Appellant's Brief at 3.

Because the trial court did not have jurisdiction, we cannot reach the merits of Appellant's current claim.[2]  This Court has previously explained:

_____

[1]  We address the eight-year discrepancy between the imposition of sentence and Appellant's current filing.  Although not entirely clear from the record, it appears that Appellant's sentence herein was imposed consecutively to another sentence he was already serving at the time.  Thus, Appellant's sentence in this matter commenced in March of 2013.  It appears that Appellant was paroled in 2015 before he began his one-year probationary period.  **See** Appellant's Brief at 5.  According to Appellant, thereafter, he was arrested and charged with a new criminal offense in October 2016.  **Id.** He further admits that he pled guilty to the new offense and was sentenced to one to three years of imprisonment on August 8, 2017.  **Id.** While the Commonwealth did not provide a counterstatement of the case, it has not contested any of the facts as presented by Appellant.  Based upon all of the foregoing, we discern that Appellant was still serving his underlying sentence when he requested *habeas* relief.

[2] This Court may raise the issue of a trial court's jurisdiction *sua sponte*.  **See Commonwealth v. Irick**, 194 A.3d 155, 157 (Pa. Super. 2018).

> If [an] alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a *writ of habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014) (citation omitted); *see also **Commonwealth ex rel. Powell v. Pennsylvania Dept. of Corrections***, 14 A.3d 912, 915 (Pa. Cmwlth. 2011) (concluding that, where petitioner does not challenge underlying sentence and instead seeks to compel Department of Corrections to carry out sentence imposed, petition is properly filed in Commonwealth Court, in its original jurisdiction).

Here, in his *pro se* habeas petition, Appellant argued that the Department of Corrections failed to compute his maximum release date properly. **See** Habeas Petition, 9/26/2018, at ¶¶ 6-11. However, such challenge is only cognizable as an original action in the Commonwealth Court. **See Heredia**; ***Commonwealth ex rel. Powell***. Appellant currently argues "he was denied due process of law [] because his sentence was amended without a hearing" and that the trial court had jurisdiction over his claim because it generates and provides the commitment forms to the Department of Corrections. **See** Appellant's Brief at 8. However, he did not present these contentions to the trial court and Appellant cannot present a new legal theory

to this Court for the first time on appeal.[3]  **See Commonwealth v. Golson**, 189 A.3d 994, 1000 (Pa. Super. 2018) ("Generally, an appellant cannot raise new legal theories for the first time on appeal."); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  Because the trial court lacked jurisdiction to entertain Appellant's claim, we affirm the trial court's decision.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/25/2019

---

[3] "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **In re Ullman**, 995 A.2d 1207, 1211–1212 (Pa. Super. 2010).  "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Id.**